United States District Court
Middle District of Florida
Jacksonville Division

**SHERVONDA TAYLOR,**

*Plaintiff,*

v.  NO. 3:24-cv-20-HES-PDB

**THE WILTON BUSINESS GROUP, INC.,**

*Defendant.*

# Order

The application for entry of default, Doc. 22, is **denied without prejudice**. The motion fails to include a memorandum of law with citations to the Federal Rules of Civil Procedure, the Florida Statutes, or both showing that service of process is proper. The motion is more akin to a motion for default judgment under Rule 55(b), Federal Rules of Civil Procedure. Neither the motion nor the affidavit include a citation of law besides Rule 55(a), Federal Rules of Civil Procedure. *See* Docs. 22, 22-1.

The record suggests that Shervonda Taylor has not properly served process. Service-of-process laws are strictly construed and enforced to assure that a defendant receives notice of the action. *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001). Florida law requires the party serving process to send a notice of service and a copy of the process to the party being served "by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery." Fla. Stat. § 48.161(2). The party must "file proof of service or return receipts showing delivery to the other party by mail or courier[.]" *Id.*

Counsel explains that a UPS parcel contained a copy of the complaint and the summons but fails to mention a notice of service. Doc. 22-1 at 1; *see* Doc. 22-1 at 46–47. Counsel explains that the Secretary of State's acceptance letter was mailed to the Wilton Business Group, Inc., twice, *see* Doc. 22-1 at 4, but the acceptance letter and any other notice of service appears to have been excluded from the mailings. *See* Doc. 22-1 at 5, 32–34, 36–38. Taylor, moreover, provides no return receipt for the mailings.

For default, Taylor must file a motion and legal memorandum in a single document analyzing the current law on service of process and showing proper service of process. The deadline to apply for default is extended to **May 5, 2025**.

**Ordered** in Jacksonville, Florida, on April 15, 2025.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Wilton Business Group, Inc.
     c/o Adrian J. Shuman
     9236 Wilton Avenue West
     Jacksonville, FL 32208

2